UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE VALENTIN,<br>　　　　Plaintiff<br><br>　　v.<br><br>MANDERLY GROUP I, LLC,<br>　　　　Defendant | No. 23 CV 5144<br><br>Judge Jeremy C. Daniel |

## ORDER

Telephone hearing held. The defendant's motion to dismiss the complaint [10] is granted, without prejudice. The plaintiff has until November 22, 2023, to file an amended complaint.

## STATEMENT

The plaintiff filed a complaint alleging violations of the Fair Labor Standards Act (Count I) and the Illinois Minimum Wage Law (Count II). R. 1. The defendant moved to dismiss both counts. R. 10. The defendant claims that the complaint fails to allege that the plaintiff was an employee under the FLSA. The defendant further claims that the complaint fails to allege that the plaintiff was engaged in commerce or that the defendants were an enterprise under the FLSA. Finally, should this Court dismiss the FLSA claim, the defendant asks this Court to decline to exercise supplemental jurisdiction over the plaintiff's IMWL claim.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must put the defendants on "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted).

Here, the defendants claim that the complaint does not allege any of the factors used by courts to determine whether an employment relationship exists. R. 10 at 3. To survive a motion to dismiss, the plaintiff must allege facts, which taken as true, establish that he was an employee who performed work for the defendants. *See Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 290 (7th Cir. 2016). The plaintiff alleges that the defendants employed him as a maintenance technician from October

1, 2022, through May 31, 2023, and that his responsibilities included the maintenance and cleaning of forty-two units. R. 1 at 2-3. The plaintiff further alleges that he was paid for his services. *Id.* at 3. These allegations, if true, establish that the plaintiff was an employee who performed work for the defendants.

The defendant also claims that the complaint does not include allegations that establish the plaintiff either engaged in commerce or in the production of goods for commerce, or that the plaintiff was employed in an enterprise engaged in commerce or in the production of goods for commerce. R. 10 at 4. The plaintiff does not contest the former. *See generally* R. 14. As for the latter, the plaintiff claims that one may infer that the defendants use banking transactions to sell their services, which he contends is sufficient to show that the defendants engaged in commerce. *Id.* at 6-7.

The complaint alleges that, "Defendant Manderly Group I, LLC was an 'enterprise' as defined by the FLSA . . . and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA." R. 1 at 3. This is a conclusory allegation that merely recites the language of the statute. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to the presumption of truth afforded well-pleaded facts. *Bronson v. Ann & Robert H. Lurie Children's Hosp. of Chicago*, 69 F.4th 437, 448 (7th Cir. 2023). The complaint contains no allegations from which one could infer whether the defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. There are no allegations concerning the type of business the defendants operate or the nature of the services or goods the defendants provide. Despite this, the plaintiff asks this Court to infer that the defendants must use banking transactions. But the plaintiff does not point to an allegation in the complaint that supports such an inference. Consequently, the plaintiff has not sufficiently alleged that he was employed in an enterprise engaged in commerce or in the production of goods for commerce. Accordingly, the Court dismisses Count I.

Having dismissed the claim over which this Court had original jurisdiction, the Court declines to exercise supplemental jurisdiction over the IMWL claim. *See* 28 U.S.C. § 1367(c)(3); *see also Al's Serv. Ctr. v. BP Prod. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims.").

Date: 11/1/2023

JEREMY C. DANIEL
United States District Judge